# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3737

_____

United States of America,          *

                         *

        Appellee,         *

                         *   Appeal from the United States

    v.                  *   District Court for the

                         *   Northern District of Iowa.

Todd Eugene Stockwell,       *

                         *   [UNPUBLISHED]

        Appellant.      *

_____

Submitted: January 5, 2007
Filed: January 12, 2007

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Todd Stockwell pleaded guilty to conspiring with unnamed others to manufacture and distribute 50 grams or more of actual methamphetamine within 1,000 feet of an elementary school after having been convicted of a drug offense. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 851, and 860(a). At sentencing, the district court[1] applied a four-level leader/organizer enhancement and increased the presentence report's recommended criminal history category, which resulted in a Guidelines imprisonment range of 360 months to life. The court then granted the

_____

[1]The Honorable Mark Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

government's substantial-assistance motions and--finding Stockwell eligible for a much greater departure than the 15% the government had requested--sentenced him to 190 months in prison (with an additional departure of 16 months for time served on a state-court conviction, see U.S.S.G. § 5K2.23) and 10 years of supervised release. Stockwell's sole argument on appeal is that the role enhancement was erroneous.

We conclude that the district court did not clearly err in applying the four-level role enhancement in this case. See U.S.S.G. § 3B1.1(a) (enhancement is warranted if defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"); United States v. Mickle, 464 F.3d 804, 807-08 (8th Cir. 2006) (district court's finding regarding role in offense is reviewed for clear error); United States v. Lashley, 251 F.3d 706, 712 (8th Cir. 2001) (this court broadly interprets terms "organizer" and "leader" for purposes of § 3B1.1(a)). According to the undisputed sentencing-hearing testimony of four of Stockwell's co-conspirators, there were at least five people involved in the conspiracy. One co-conspirator, Wesley Erb, testified that Stockwell was the leader in their relationship and that he made the rules and the plans with respect to manufacturing the methamphetamine. Specifically, Stockwell determined when a "cook" was to occur, what ingredients they needed to obtain and where they would get them, and which ingredients Erb needed to procure for Stockwell. Stockwell also paid Erb in methamphetamine, the amount of which Stockwell determined, and Erb sold drugs for Stockwell. Other co-conspirators also gave testimony reflecting Stockwell's organization of and centrality to the conspiracy. See U.S.S.G. § 3B1.1, comment. (n.4) (factors to consider in determining whether defendant was leader or organizer); United States v. Morin, 437 F.3d 777, 781 (8th Cir. 2006) (for enhancement to apply, at least five people must have been involved in operation, but only one person involved needs to have been under defendant's direction); see also United States v. Carpenter, 422 F.3d 738, 748 (8th Cir. 2005) (defendant who did not directly control other conspirators may still receive leader/organizer enhancement; upholding § 3B1.1(a) enhancement where evidence showed defendant directed "cooks" and

directed others to get precursors or bury sludge in backyard), <u>cert. denied</u>, 126 S. Ct. 1115 (2006).

Accordingly, we affirm.

_____